PETER BENTLEY, RECEIVER OF BRADLEY HOTELS SYS-
TEM, INCORPORATED, A CORPORATION, PLAINTIFF,
v. RUSSELL COLGATE, S. BAYARD COLGATE AND
ADELBERT A. KENYON, EXECUTORS OF THE LAST
WILL AND TESTAMENT OF AUSTEN COLGATE, DE-
CEASED; CORBETT McCARTHY, CLARENCE E. F. HET-
RICK, CLINTON G. HOLDEN, J. HERBERT REID,
WALTER W. REID, Jr., MORELAND B. SORIA, WILLIAM
A. SMITH AND HARRY A. WATSON, DEFENDANTS.

Decided July 6, 1931.

For the plaintiff, *Herbert Clark Gilson.*

For the defendants, *Merritt Lane.*

ACKERSON, S. C. C. Defendants move to strike out the
complaint for several reasons which may be conveniently
grouped under two heads: First, that the complaint is irregu-
lar and defective and so framed as to embarrass or delay a
fair trial—equivalent to a special demurrer at common law;
second, that the complaint does not state a cause of action—
equivalent to a general demurrer at common law. *Savage* v.
*Public Service Railway Co.,* 95 *N. J. L.* 432.

The complaint is in two counts. The first alleges that
plaintiff was appointed receiver of Bradley Hotels System,
Incorporated (a corporation of Delaware), by the Court of
Chancery of New Jersey; that at the time of his said appoint-
ment the claims of creditors of said company aggregated the
sum of $29,538.67; that $51,960 had been paid to the com-

pany by its stockholders for stock and the assets amounted to only $171.37; that on July 30th, 1923, the corporation became the owner of an option to purchase certain lands, which option was renewed from time to time and constituted the only asset of said corporation and was of the value of $100,000. Then follows the only charge of liability made against the defendants, who are the directors of said Bradley Hotels System, Incorporated, which charge is stated as follows: "The said directors, in violation of their duties, improperly permitted the said defendant Clarence E. F. Hetrick" (one of the directors) "to dispose of the said option for his own use and benefit, to wit, in or about November, 1924."

The second count alleges the same facts up to the obtaining of the option by the corporation and its value and then proceeds to charge the defendants with liability as follows: "The said directors, in violation of their duties, negligently and carelessly allowed and permitted the said option to expire and lapse on or about November 1st, 1924, and the said corporation thereby lost and was deprived of the said option and the value thereof aforesaid."

The defendants insist that each count of the complaint is in vital particulars based upon mere conclusions, and so general that it should be stricken out as irregular, defective, or so framed as to embarrass or delay a fair trial under Rule 39 of the Supreme Court.

It will be observed that the first count, while charging that the directors permitted the defendant Clarence E. F. Hetrick to dispose of the option for his own use and benefit, contains no other allegations of fact to show liability. It terms the conduct of the directors as "improper" and "in violation of their duties," but no circumstances are alleged upon which such conclusions can be based. From all that appears on the face of the pleaded facts, excluding the conclusions, the corporation may have sold the option to Hetrick, or there may have been an agreement made very much to its advantage, as there is no allegation that the corporation was

in any way damaged. When the circumstances under which said Hetrick was permitted to dispose of said option are set forth, it may appear that the conduct of the directors was not improper or in violation of their duty to the corporation. The defendants are entitled to a specific charge of misfeasance.

The second count is in no better situation for it fails to state any facts from which the alleged negligence or carelessness of the directors may be concluded. From all that appears in this count by way of issuable facts, the treasury of the corporation may have been bare precluding the purchasing of the property or an extension of the option, or the owner of the property may have been unwilling to extend the option. No facts are charged showing negligence.

It would appear that the rules applicable to pleading negligence in cases involving personal injury would apply with equal force to the case *sub judice,* and while it has been held that a general allegation of negligence is sufficient as against a general demurrer, it has been uniformly held that such an allegation is insufficient as against a motion to strike equivalent to a special demurrer. *Central Railroad Co.* v. *Van Horn,* 38 *N. J. L.* 133; *Minnuci* v. *Philadelphia and Reading Railroad,* 68 *Id.* 432. These cases were decided before the Practice act of 1912, and each held that a declaration generally averring negligent conduct was good as against a general demurrer, but not as against a motion to strike equivalent to a special demurrer.

Rule 39 of the Supreme Court which provides that a pleading which is irregular and defective and so framed as to embarrass or delay a fair trial may be stricken out on motion, has been substituted for a special demurrer at common law.

Our Chief Justice in the case of *Savage* v. *Public Service Railway Co., supra,* in speaking of the cases above cited, said:

"It will be observed by a reading of these opinions which we have cited that, in each of them, although the declaration was held good on general demurrer, *it was pointed out that they would each of them have been struck out, on motion, for lack of certainty and failure to state the specific act of neg-*

ligence which was charged against the defendant company or the particular employe responsible therefor. But the motion to strike out referred to in these cases was that provided by the twenty-fourth section of the act of March 17th, 1855, entitled 'An act to simplify pleadings and practice in courts of law' (*Pamph. L., p.* 295), as a substitute for the pleading then known as a special demurrer, and which was abolished by the twenty-third section of the same act. The twenty-fourth section of that statute now appears as section 110, of our present Practice act, and declares that 'the court or a judge may on four days' notice strike out any complaint which is irregular or defective, or is so framed as to prejudice, embarrass or delay a fair trial of the action.' The distinction between the motion to strike out just referred to and that provided by the present fortieth rule of the Supreme Court is the distinction which existed at common law between a special and a general demurrer, the one being directed at matters of form and the other at matters of substance."

It is to be noted, however, that section 110 of the old Practice act above mentioned was in fact substituted by Rule 39 of the Supreme Court as will appear from the opinion in *Andrus* v. *Specktor,* 1 *N. J. Mis. R.* 322, which is also illuminative of the particularity required in pleading in order to stand against a motion made under said Rule 39. In the course of the opinion the court said:

"The first ground for the motion to strike out is that the declaration does not set out a cause of action. This is tantamount, under our present practice, to a general demurrer; and on the authority of *Central Railroad Co.* ads. *Van Horn,* 38 *N. J. L.* 133, 140, we do not feel justified in striking out the complaint on that ground. See, also, *Race* v. *E. & A. Railroad Co.,* 62 *Id.* 536; *Savage* v. *Public Service Railway Co.,* 95 *Id.* 432, 435.

"On the authority of the same line of cases, however, the complaint should be struck out under the present Rule 39 of this court, which has superseded section 110 of the Practice act of 1903, repealed in 1912. The complaint in this

aspect is clearly irregular and defective and so framed as to embarrass and delay a fair trial; and the motion is made also on that ground."

I have reached the conclusion that each count of the complaint is defective under Rule 39, and it becomes unnecessary, therefore, to consider the other reasons urged for striking the same. An order may be presented striking out the complaint for the reasons stated, but the plaintiff will be given ten days from July 4th, 1931, in which to file an amended complaint if he so desires.